IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 11-10126-EFM

JUSTIN D. KLEIN,

    *Defendant.*

**ORDER**

Pursuant to his contemporaneous plea of guilty to Interstate Transportation of Wildlife Taken in Violation of State Law, defendant Justin Klein was sentenced on April 30, 2012. The violation exposed the defendant to a maximum penalty of up to one year in prison and up to a $10,000 fine, but the defendant and the Government agreed in lieu of that sentence to a joint recommendation of a five-year period of unsupervised probation, plus a $5,000 fine, restitution to the Kansas Department of Wildlife and Parks, and a $25 special assessment, as well as forfeiture of certain items. The Court adopted those recommendations, and sentenced the defendant accordingly. A significant part of the sentence, given the offense, was that during his term of probation the defendant would not be allowed to engage in wildlife activities of hunting, fishing, trapping or guiding others to do that.

Defendant has now filed a Motion for Early Termination of Unsupervised Release (Doc. 35). The motion recites that he was sentenced on April 30, 2012 as above noted, and asserts that

1

the sentence was for offenses with an "end date" of November 1, 2006, seven years ago. The motion asserts that defendant has paid his restitution in full, has forfeited all appropriate items, and has complied with the terms and conditions of his probation for nineteen months, including not hunting, fishing, or trapping, nor accompanying anyone engaged in such activities. He has committed no other criminal acts. He asserts that his compliance these past nineteen months shows that the "ends of justice are not furthered by continued supervision in this case."[1] Therefore, he seeks early termination.

As a general rule, the Court is highly reluctant to terminate supervised release when less than half of the initial term has been served, although in unusual circumstances it will do so. Here, less than a third of the term has been served. Moreover, unlike the usual case, where the principal punishment is a term of incarceration, and the term of supervised release following is designed to assist the defendant in lawfully re-entering society; in this case the term of release <u>was itself the principal punishment</u> -- that it, it provided a period of time during which the defendant was not permitted to engage in the sporting activities which had led to the offense. Therefore, the Court looks at this motion as akin to a request to reduce the sentence to one-third of the sentence imposed. That is simply never done. Further, the Court notes that, as a part of defendant's agreement with the Government to avoid exposure to a term of incarceration, <u>defendant agreed to this five year term</u>, and his current motion seems to the Court to be incompatible with that agreement.

---

[1] Although not particularly relevant to the Court's determination, it should be noted that an argument against continued supervision in a case of <u>unsupervised</u> release is somewhat unavailing.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Unsupervised Probation (Doc. 35) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of November, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE